**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2809-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DAVID COOPER,

    Defendant-Appellant.

_____

Submitted October 16, 2025 – Decided March 5, 2026

Before Judges Mayer and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment Nos. 16-12-1542, 17-02-0124, and 17-10-0670.

Jennifer N. Sellitti, Public Defender, attorney for appellant (David A. Gies, Designated Counsel, on the briefs).

Wayne Mello, Acting Hudson County Prosecutor, attorney for respondent (Patrick F. Galdieri, II, Assistant Prosecutor, of counsel and on the brief; Josemiguel Rodriguez, Law Clerk, on the brief).

PER CURIAM

Defendant David Cooper appeals from an order denying his post-conviction relief (PCR) petition, which the court entered after hearing argument but without conducting an evidentiary hearing.  Perceiving no error in the PCR court's finding that defendant did not establish a prima facie case of ineffective assistance of counsel and no abuse of discretion in the court's decision not to conduct an evidentiary hearing, we affirm.

In connection with a shooting that took place in 2016, a jury convicted defendant of first-degree murder, N.J.S.A. 2C:11-3a(1), (2); second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5b(1); and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4a(1).  The trial court sentenced defendant to life in prison with twenty-five years of parole ineligibility on the murder conviction concurrent to seven-year terms with forty-two months of parole ineligibility for each of the weapons convictions.

We affirmed defendant's convictions and remanded for resentencing. State v. Cooper, No. A-4692-18 (App. Div. Apr. 13, 2022) (slip op. at 36-37). On remand, the trial court sentenced defendant to an imprisonment term of thirty-five years with thirty years of parole ineligibility on the murder conviction concurrent to the seven-year terms with forty-two months of parole ineligibility

2

for the weapons convictions. The Supreme Court denied defendant's petition for certification. State v. Cooper, 252 N.J. 320 (2022).

In his subsequent PCR petition, defendant alleged his trial counsel had been ineffective in not challenging an out-of-court identification or moving to exclude a videotape of the identification.[1] Two days after the murder, police interviewed defendant's then girlfriend. She also testified at trial. During the interview and at trial, she reviewed still photographs taken from videos, including a video of the shooting, and identified defendant and her car, which defendant had borrowed on the morning of the shooting, at the scene of the shooting. In our opinion on his direct appeal, we rejected defendant's argument his girlfriend's out-of-court identification failed to comport with the procedures established in State v. Henderson, 208 N.J. 208, 289-93 (2011). Cooper, slip op. at 22.

After hearing argument on April 18, 2024, the PCR court placed a decision on the record and entered an order and written opinion denying defendant's petition. In its written opinion, the court found defense counsel's decision to

---

[1] Defendant made other allegations of ineffective assistance of counsel in his petition. Because he does not challenge on appeal the PCR court's rejection of those assertions, we conclude he waived those issues, and we do not address them. See State v. Rochat, 470 N.J. Super. 392, 456 (App. Div. 2022) (deeming waived an issue not argued on appeal).

forego challenging the girlfriend's pre-trial identification was "not objectively deficient" but was "a strategic decision." And as the court said in its oral opinion, the decision was "probably honestly good strategy." The court also found defendant had failed to demonstrate how a motion to suppress the identification "would have been meritorious or led to a different verdict" given the other evidence presented by the State at trial, including cellphone records that placed defendant at the crime scene at the time of the murder, bullets found in defendant's home that matched shell casings located at the crime scene, and a photograph defendant had taken of himself wearing the same hat worn by the shooter in video footage.

The court held defendant was not entitled to an evidentiary hearing because he had failed to make a prima facie showing he received ineffective assistance of counsel under the two-pronged test articulated by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by the New Jersey Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987).

Defendant makes the following arguments on appeal:

POINT ONE

THE PCR JUDGE ERRED WHERE HE DETERMINED DEFENDANT DID NOT

4

DEMONSTRATE A PRIMA FACIE CASE THAT HIS TRIAL ATTORNEY WAS CONSTITUTIONALLY INEFFECTIVE AS HIS LEGAL REPRESENTATIVE.

A. Defense counsel's failure to file a suppression motion regarding the identification procedure constitutes a deficient performance under prevailing professional norms.

B. Defendant suffered prejudice as a result of his trial attorney's deficient performance.

POINT TWO

THE PCR JUDGE ERRED WHERE HE DETERMINED THAT AN EVIDENTIARY HEARING WAS NOT WARRANTED.

We affirm substantially for the reasons set forth in Judge Carlo Abad's comprehensive written opinion. As the judge found, a defendant in a PCR petition must "overcome a 'strong presumption' that counsel exercised 'reasonable professional judgment' and 'sound trial strategy' in fulfilling his responsibilities." State v. Nash, 212 N.J. 518, 542 (2013) (quoting State v. Hess, 207 N.J. 123, 147 (2011)). "Mere dissatisfaction with a 'counsel's exercise of judgment' is insufficient to warrant overturning a conviction." Ibid. (quoting State v. Echols, 199 N.J. 344, 358 (2009) (internal quotations omitted)).

We see no basis to disturb the judge's finding about the confirmatory nature of the girlfriend's identification of defendant. A confirmatory

identification occurs when a witness identifies someone he or she already knew from past experience, even if the witness cannot identify that person by name. State v. Pressley, 232 N.J. 587, 592-93 (2018). Because of the witness's past experience with the defendant, a confirmatory identification is not considered to be the product of suggestive tactics by the interviewing police officers. Ibid.; see also People v. Rodriguez, 79 N.Y.2d 445, 450 (1992) ("as a matter of law, the witness is so familiar with the defendant that there is 'little or no risk' that police suggestion could lead to misidentification").

During argument of the PCR petition, defendant and his counsel did not dispute the girlfriend knew defendant. The evidence at trial supported the PCR judge's conclusion regarding the confirmatory nature of the identification, even if the girlfriend did not know defendant's last name or family. See Pressley, 232 N.J. at 592-93. The girlfriend told detectives she had seen defendant "around the neighborhood for a long time" and had been in a relationship with him that began approximately three months before the murder. In her testimony, she described defendant as a "boyfriend." She told police and testified he had spent the night before the murder at her apartment, had driven her to work that morning, and had borrowed her car. Defense counsel vigorously cross-

A-2809-23

examined the girlfriend at trial regarding her identification of defendant. The jury was free to accept or reject her testimony.

"Moreover, when a defendant asserts their attorney was ineffective by failing to file a specific motion, they must establish that the motion would have been successful." State v. Balbosa, 481 N.J. Super. 497, 520 (App. Div. 2025) (citing State v. O'Neal, 190 N.J. 601, 619 (2007)), certif. denied, 262 N.J. 410 (2026). Indeed, "[i]t is not ineffective assistance of counsel for defense counsel not to file a meritless motion." Ibid. (quoting O'Neal, 190 N.J. at 619). As the PCR judge found, defendant failed to establish a motion to suppress the girlfriend's out-of-court statement would have been successful or a reasonable probability existed that the suppression would have altered the verdict given the other extensive evidence of defendant's guilt. See State v. Pierre, 223 N.J. 560, 583 (2015) (to establish prejudice under the Strickland/Fritz analysis, a defendant must demonstrate that but for counsel's deficient performance, a reasonable probability exists that the result of the proceeding would have been different).

Thus, defendant failed to meet either prong under the Strickland/Fritz analysis.

We discern no abuse of discretion in Judge Abad's decision to forego an evidentiary hearing. See State v. L.G.-M., 462 N.J. Super. 357, 365 (App. Div. 2020) (holding "[w]e review a trial court's decision to grant or deny a defendant's request for a hearing under an abuse of discretion standard"). A PCR petitioner is not automatically entitled to an evidentiary hearing. State v. Porter, 216 N.J. 343, 355 (2013); see also State v. Peoples, 446 N.J. Super. 245, 254 (App. Div. 2016) (holding "[t]he mere raising of a claim of [ineffective assistance of counsel] does not entitle the defendant to an evidentiary hearing"). Rule 3:22-10(b) provides that a court should hold an evidentiary hearing on a PCR petition only if the defendant establishes a prima facie case in support of PCR, "there are material issues of disputed fact that cannot be resolved by reference to the existing record," and "an evidentiary hearing is necessary to resolve the claims for relief." See also Porter, 216 N.J. at 354.

"A prima facie case is established when a defendant demonstrates 'a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits.'" Id. at 355 (quoting R. 3:22-10(b)). Defendant did not meet that standard, and, thus, the judge did not abuse his discretion by deciding the petition without conducting an evidentiary hearing. Because defendant failed to meet either

prong under the Strickland/Fritz analysis to establish a prima facie case of ineffective assistance of counsel, defendant was not entitled to an evidentiary hearing.

Because we have addressed substantively the PCR judge's findings under Strickland/Fritz, we do not reach the State's argument about a procedural bar under Rule 3:22-5.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Hanley

Clerk of the Appellate Division

A-2809-23